OPINION OF THE COURT
Howard Miller, J.
The petition is denied and dismissed.
Petitioner seeks to change the surname of her eight-year-old daughter to that of her current husband. There is no indication how long petitioner has been married to her current husband. The application is opposed by the child’s father.
Applications for the change of an infant’s name are usually granted only where the natural father is guilty of misconduct, abandonment, or lack of support (Rio v Rio, 132 Misc 2d 316). While the infant’s father concedes he is in arrears in support payments, he alleges, without contradiction, that although he *80 is currently unemployed, he has paid 100% of his daughter’s tuition for parochial school from 1992 to 1994, which totalled $4,500. The father also alleges without contradiction that he has never missed a birthday or holiday either by seeing the child or sending her presents. Upon these facts, it cannot be said that the father has abandoned the child or totally failed to support her.
Whether a child’s name should be changed is governed by whether the best interests of the child will be served by the proposed change (Matter of Cohan v Cunningham, 104 AD2d 716). Nevertheless, it is not the policy of the courts to grant these applications unless there is a compelling reason to do so, recognizing that it is better practice to allow the child to reach maturity before a name change is effected (Matter of Fein, 51 Misc 2d 1012; see also, Matter of Biegaj, 25 NYS2d 85).
Petitioner’s belief that it would cause confusion and be psychologically disadvantageous for the child to continue using the name "Bowe” is insufficient, without more, to justify the name change. On the contrary, as plaintiff acknowledges, the use of the name "Maliszewski” by the child creates confusion among teachers and other children. Use of the name "Maliszewski” would tend to imply to third parties that the infant is the natural or adopted daughter of petitioner’s current husband, which is not the case.